**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SAINT LAWRENCE COMMUNICATIONS LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 2:15-cv-919-JRG |
| HTC CORPORATION, ET AL., | § § § | |
| *Defendants.* | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant HTC America, Inc.'s ("HTC") Motion to Dismiss for Improper Venue ("Mot.," Dkt. No. 7). For the reasons set forth below, the Motion to Dismiss is **DENIED**.

### I. BACKGROUND

In its complaint filed on June 2, 2015, Plaintiff Saint Lawrence Communications LLC ("SLC") alleges that HTC infringes multiple patents related to a speech technology known as HD Voice. ("Complaint," Dkt. No. 1.) SLC asserts that venue is proper for this action in the Eastern District of Texas "pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that Defendants have done business in this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District, entitling St. Lawrence to relief." (*Id.* at 1.)

28 U.S.C. § 1391(a)-(c)[1] provides:

(a) Applicability of section. —Except as otherwise provided by law—

---

[1] Section 1391(d) addresses "Residency of corporations in States with multiple districts." The Court notes that Texas is a state with multiple districts. However, SLC's complaint does not cite to § 1391(d) as a basis for establishing proper venue in this district. (Complaint at 1.) Further, HTC's motion does not rely on § 1391(d) in requesting relief. (Mot.) Accordingly, the Court will not separately analyze § 1391(d).

(1) this section shall govern the venue of all civil actions brought in district courts of the United States; and

(2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature.

(b) Venue in general. —A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

(c) Residency. —For all venue purposes—

(1) a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled;

(2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business; and

(3) a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants.

28 U.S.C. § 1400(b) provides:

Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

HTC is a Washington corporation and argues that venue is not proper in the Eastern

District of Texas because the requirements of § 1400(b) are not satisfied. (Mot. at 10.) Specifically, HTC contends that the Federal Courts Jurisdiction and Venue Clarification Act of 2011, coupled with Supreme Court precedent, indicates that the term "resides" in § 1400(b) limits residency for a corporate defendant in patent actions to the state in which it is incorporated and "cannot be expanded by the more expansive definition of corporate residency in Section 1391(c)(2)." (*Id.* at 9.) Therefore, HTC concludes that it does not reside in this district for purposes of § 1400(b). (*Id.* at 10.) Moreover, HTC states that it has no regular and established place of business in the Eastern District of Texas. (*Id.*)

SLC responds by arguing that "§ 1391 as amended by the [Federal Courts Jurisdiction and Venue Clarification Act of 2011] continues to define residency for the purposes of determining venue under § 1400(b)." ("Resp.," Dkt. No. 16 at 12.) SLC asserts that a corporate defendant is deemed to reside in any judicial district where it is subject to the court's personal jurisdiction, and neither party disputes that HTC is subject to this Court's personal jurisdiction. (*Id.*) Thus, SLC concludes that venue is proper in this district. (*Id.*)

## II.    LEGAL AUTHORITY

In 1957, the Supreme Court found that § 1400(b) was "the sole and exclusive provision controlling venue in patent infringement actions," not to be supplemented by the provisions of § 1391(c). *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957)[2]. The Supreme Court held that "the residence of a corporation for purposes of § 1400(b) is its place of incorporation." *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 707 n.2 (1972) (citing *Fourco*, 353 U.S. 222); *see also Fourco*, 353 U.S. at 226.

---

[2] "The specific question in *Fourco* was whether the statutory language previously enacted by the Congress as § 1391(c) supported a conclusion that Congress intended to have §§ 1391(c) and 1400(b) read together. On the basis of the nonspecific language of § 1391(c) and prior history as the Court read it, the Court concluded the answer was no." *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1579 (Fed. Cir. 1990).

In 1988, Congress amended § 1391(c) and added the introductory phrase: "[f]or purposes of venue under this chapter." *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1578 (Fed. Cir. 1990). After the 1988 Amendment, this first sentence of § 1391(c) read in full:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

*Id.* In 1990, the Federal Circuit found that § 1391(c), as amended, applied to § 1400(b), even though § 1391(c) is a general venue statute and § 1400(b) is a specific one. *VE Holding*, 917 F.2d at 1580. The Federal Circuit determined that "[o]n its face, § 1391(c) clearly applies to § 1400(b), and thus redefines the meaning of the term 'resides' in that section." *Id.* at 1578. Ultimately, the Federal Circuit held that "the first test for venue under § 1400(b) with respect to a defendant that is a corporation, in light of the 1988 amendment to § 1391(c), is whether the defendant was subject to personal jurisdiction in the district of suit at the time the action was commenced." *Id.* at 1584.

In 2011, Congress again amended § 1391(c) through the Federal Courts Jurisdiction and Venue Clarification Act of 2011. Pub. L. No. 112-63, 125 Stat. 758, 763 (2011). The 2011 Act removed the words "[f]or purposes of venue under this chapter" and replaced them with "for all venue purposes." *Id.* As noted above, Congress also added a provision to the beginning of § 1391(a): "[e]xcept as otherwise provided by law." *Id.* The 2011 Act did not alter § 1400(b).

### III.    DISCUSSION

The question presently before the Court is whether § 1391 continues to define residency for purposes of § 1400(b), as the Federal Circuit determined in *VE Holding*. HTC argues that it does not, primarily because the 2011 addition to § 1391(a) "expressly provides that Section 1391 governs only '[e]xcept as otherwise provided by law' . . . Section 1391 defines only default rules

for venue in civil cases generally, and does not apply where venue is governed by a more specific statute . . . ." (Mot. at 8.) Additionally, HTC cites to the Supreme Court's decision in *Atlantic Marine* for the proposition that "[s]ection 1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not apply. Cf., *e.g.*, § 1400 (identifying proper venue for copyright and patent suits)." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S.Ct. 568, 577 n.2 (2013).

This Court disagrees with HTC. The recent congressional changes to § 1391 do not disturb the Federal Circuit's findings in *VE Holding*. Specifically, the new and broader language in § 1391(c)—"[f]or all venue purposes"—continues to expressly read § 1391(c) into § 1400(b). *See VE Holding*, 917 F.2d at 1590. Section 1391(c), as amended, operates only to define a term in § 1400(b) —"resides"— and creates no conflict. *See id.* Nor does § 1391, as HTC argues, establish a patent venue rule separate from that provided in § 1400(b). *See id.* Although § 1391(a) states that the section shall govern "unless otherwise provided by law," § 1400(b) does not define the term "resides." Accordingly, the Court finds that the definition of residency under § 1400(b) is not "otherwise provided by law," and § 1391(a) does not operate to preclude the applicability of § 1391 to § 1400(b). For these reasons, the Court concludes that the above-quoted dicta from *Atlantic Marine* is compatible with the Federal Circuit's conclusions in *VE Holding*. *VE Holding* continues to be controlling precedent which binds this Court. Accordingly, venue is not improper in the Eastern District of Texas.

## IV. CONCLUSION

The Court notes that the parties do not dispute that HTC is subject to personal jurisdiction in the Eastern District of Texas. (Resp. at 12.) Instead, HTC's motion relies upon the argument that § 1391 no longer applies to § 1400(b). For the above reasons, the Court rejects that argument

and finds that venue is not improper in the Eastern District of Texas. Accordingly, HTC's

Motion to Dismiss is **DENIED**.

## So Ordered this

**Mar 17, 2016**


_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE