# EXHIBIT 1



Heidi L. Keefe                                                                                        VIA ECF FILING
+1 650 843 5001
hkeefe@cooley.com

July 6, 2016

The Honorable Rodney Gilstrap
U.S. District Court for the Eastern District of Texas
100 East Houston Street
Marshall, TX 75670

Re:   *Saint Lawrence Communications LLC, v. HTC Corporation, et al.*, Case No. 2:15-cv-00919-JRG-RSP (Lead Case):  Letter Brief re Motion for Summary Judgment re Certain Claims Are Invalid Under 25 U.S.C. § 112, ¶ 2

Dear Judge Gilstrap:

Defendants and Declaratory Judgment Plaintiffs HTC Corporation and HTC America, Inc., (collectively "HTC") respectfully request permission to file a motion for summary judgment that certain claims of U.S. Patent Nos. 6,795,805 ("'805"), 6,807,524 ("'524"), 7,151,802 ("'802"), 7,191,123 ("'123"), and 7,260,521 ("'521") asserted by plaintiff and declaratory judgment defendant Saint Lawrence Communications LLC ("SLC") are invalid as indefinite under 35 U.S.C. § 112, ¶ 2.

A means-plus-function claim limitation is indefinite if there is no disclosed corresponding structure.  *See, e.g., Williamson v Citrix Online, LLC*, 792 F.3d 1339, 1345 (Fed. Cir. 2015) (*en banc*); *Media Rights Techs., Inc. v. Capital One Fin. Corp.*, 800 F.3d 1366 (Fed. Cir. 2015); *EON Corp IP Holdings LLC. v. AT&T Mobility LLC*, 785 F.3d 616 (Fed. Cir. 2015); *Blackboard, Inc. v. Desire2Learn Inc.*, 574 F.3d 1371, 1385 (Fed.Cir. 2009); *Net MoneyIN, Inc. v. VeriSign, Inc.*,545 F.3d 1359, 1367 (Fed. Cir. 2008); *Finisar Corp. v. DirecTV Grp.*, 523 F.3d 1323, 1340-41 (Fed. Cir. 2008); *Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech.*, 521 F.3d 1328, 1338 (Fed. Cir. 2008); *Atmel Corp. v. Info. Storage Devices, Inc.*, 198 F.3d 1374, 1381-82 (Fed. Cir. 1999).

Claim indefiniteness is a purely legal issue that must be decided by the Court and not the jury.  "A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims."  *Id.* at 1378 (quotations and citation omitted).

Although Magistrate Judge Payne has not yet issued his claim construction order, his tentative rulings identified a number of means-plus-function limitations in the asserted claims for which no structure was disclosed and/or provided.  (Court's Tentative Order (June 29, 2016).)

# Cooley

The Honorable Rodney Gilstrap
Page Two

To the extent the Court's final claim construction order adheres to this position, or finds other means-plus-function limitations to be lacking in structure, these limitations (and the claims in which they are recited) are indefinite under 35 U.S.C. § 112, ¶ 2.

HTC acknowledges that this motion is somewhat anticipatory given that no final claim construction ruling has issued. But today is the deadline for filing summary judgment letter briefs, and as such, HTC is compelled to submit this letter brief to preserve its right to establish that certain claims may be indefinite based on the Court's eventual construction. Defendants asked SLC to agree to a joint request to move the letter brief deadline until after the Court issued its claim construction ruling. SLC refused to agree to an extension.

Accordingly, HTC respectfully requests permission to file a motion for summary judgment that certain asserted claims of the '805, '524, '802, '123, and '521 patents are invalid under § 112, ¶ 2, to the extent the Court identifies any means-plus-function limitations for which no structure was disclosed and/or provided.

Respectfully submitted,

COOLEY LLP

*/s/ Heidi L. Keefe*

Heidi L. Keefe